Commonwealth *v.* Eisenhauer, Appellant.

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

A. *Anthony Kilkuskie,* Assistant Public Defender, for appellant.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., December 11, 1974:

Appeal is taken to this Court from an order of the lower court denying appellant's petition for vacation of sentence, the petition having been made pursuant to the "Post Conviction Hearing Act," Act of 1966, January 25, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* For purposes of that petition, as well as in this appeal, appellant argues deprivation of his rights under the Interstate Compact Concerning Detainers, Act of September 8, 1959, P.L. 829, No. 324, §1, 19 P.S. §§1431-1438.

On and before May 7, 1970, appellant was incarcerated at the Berks County prison. On that day he escaped. In due course the Grand Jury charged him with prison breach. On February 23, 1971, appellant was arrested and incarcerated in the State of Maryland on charges stemming from offenses within that jurisdiction. The District Attorney of Berks County, on June 25, 1971, wrote a letter to appellant apprising him of

the prison breach charge and telling him of his right to demand a trial within 180 days pursuant to the Interstate Compact Concerning Detainers, *supra*. Appellant wrote a reply on July 2, 1971, to the Berks County District Attorney, but failed to inform the authorities in Maryland of his demand as is required by the Act. Trial was set in Berks County for December 7, 1971; however, the Governor of Maryland denied his extradition. Pursuant to further requests of Berks County in 1972, appellant was finally removed to Pennsylvania for arraignment on March 22, 1972, at which time he pleaded nolo contendere and was sentenced. On March 2, 1973, appellant was allowed to withdraw this plea and was tried by jury on March 29, 1973. The jury verdict was guilty and sentence of $2\frac{1}{2}$ to 7 years was imposed. Appellant filed his "PCHA" petition on July 25, 1973, and hearing was held October 31, 1973, when the petition was denied.

Appellant now argues that his statutory right to trial on the Berks County indictment within 180 days of his request for same was denied him because trial was not held within such period of time. We disagree.

It is the stated purpose of the Interstate Compact, *supra,* Section 1, Article I, "to encourage the expeditious and orderly disposition of such charges [as are outstanding against a prisoner incarcerated in other jurisdictions which are parties to the Act] and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." If trial is not held within the statutory period, the indictment shall be dismissed with prejudice. It is further a provision of the Act, at Article III(b), that the prisoner shall notify the authorities of the jurisdiction having custody of him that he wishes disposition of the charges pending against him in the sister jurisdiction. This allows the custodial jurisdiction due notice of the request and opportunity properly

to certify the matter to the sister state. With this pro·vision appellant did not comply, and he did not amend his request later even though advised of his right to counsel by the June 25, 1971, letter of the Berks County District Attorney.

The reason why the appellant could not be tried within the 180 days was because of either his failure to comply with the Interstate Compact Concerning Detainers Act or to request the assistance of counsel or the refusal of the Maryland authorities to grant extradition of the appellant to Pennsylvania or a combination of any two or more of these factors. Any one or more of these conditions is sufficient to toll the running of the 180 day period.

Had the attorney for the Commonwealth been dilatory in attempting to bring the appellant back to Pennsylvania a different situation would exist; however, the District Attorney was diligent in his efforts to bring the appellant back to Berks County for the trial listed on December 7, 1971. He instituted extradition proceedings on November 12, 1971, and it was his letter of January 7, 1972, to the Maryland Correctional Institution which brought about the return of appellant to Pennsylvania in March of that year.

Order affirmed.

HOFFMAN, J., concurs in the result.